Jacob Chen, Esq.
DGW Kramer LLP
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

HUAXINTONG INTERNATIONAL
INVESTMENT MANAGEMENT LIMITED, and
NEW ASIA (CHINA) INTERNATIONAL GROUP
COMPANY LIMITED

                    Petitioners,

v.

HONGKUN USA INVESTMENT LLC and
HONGKUN USA REAL ESTATE HOLDINGS
LLC

                    Respondents.

-------------------------------------------------------------------x

Civil Action No.: 1:24-cv-8003

**PETITION TO CONFIRM ARBITRATION AWARD AND SUPPORTING MEMORANDUM OF LAW**

Petitioners Huaxintong International Investment Management Limited ("Huaxintong") and New Asia (China) International Group Company Limited ("New Asia"), petition this Court for an Order and Judgment confirming the Decision and Award of the Hong Kong International Arbitration Centre ("HKIAC").:

## PARTIES

1. Petitioner Huaxintong is a corporate entity organized under the laws of the British Virgin Islands.

2. Petitioner New Asia is a corporate entity organized under the laws of Hong Kong, and is an affiliate of Huaxintong.

3. Respondents Hongkun USA Investment LLC and Hongkun USA Real Estate Holdings LLC are Delaware limited liability companies whose principal place of business is at 888 7th Avenue, Floor 28, New York, NY 10019.

1

4. Respondents are both subsidiaries of Hongkun Group, a global real estate investment development and management company headquartered in Beijing.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203 as this action arises out of the enforcement of a foreign arbitral award that was issued in Hong Kong.

6. This Court has personal jurisdiction over Respondents because Respondents have a principal place of business in the City and State of New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Respondents have their principal places of business within this District. Venue is also proper in this District pursuant to 9 U.S.C. § 204.

## INITIAL LOAN AGREEMENTS

8. Petitioners and Respondents are parties to a series of loan agreement which contained an arbitration provision.

9. On or about February 20, 2019, New Asia made a loan to Hongkun USA Investment LLC (the "Borrower") in the principal amount of $3,000,000 for a term of two years (the "February 2019 Loan"). The February 2019 Loan is evidenced by, inter alia, a loan agreement that was executed on February 17, 2019 (as amended, restated, or supplemented from time to time, the "February 2019 Loan Agreement"). Exhibit A attached hereto is a true copy of the February 2019 Loan Agreement, together with a certified English translation of its contents.

10. On or about May 6, 2019, Huaxintong made a loan to the Borrower in the principal amount of $5,000,000 for a term of two years (the "April 2019 Loan"). The April 2019 Loan is evidenced by, inter alia, a loan agreement that was executed on April 30, 2019 (as amended, restated, or supplemented from time to time, the "April 2019 Loan Agreement"). Exhibit B attached hereto is a true copy of the April 2019 Loan Agreement, together with a certified English translation of its contents.

11. On or about May 28, 2019, Huaxintong made a loan to the Borrower in the principal amount of $5,000,000 for an initial term of 30 days (the "May 20 I 9 Loan"). The May 2019 Loan is evidenced by, inter alia, a loan agreement that was executed on May 24, 2019 (as amended, restated, or supplemented from time to time, the "May 2019 Loan Agreement"). Exhibit C attached hereto is a true copy of the May 2019 Loan Agreement, together with a certified English translation of its contents.

12. On or about January 31, 2020, Huaxintong made a loan to the Borrower in the principal amount of $2,000,000 for a term of 4 months (the "January 2020 Loan"). The January 2020 Loan is evidenced by, inter alia, a loan agreement that was executed on January 31, 2020 (as amended, restated, or supplemented from time to time, the "January 2020 Loan Agreement"). Exhibit D attached hereto is a true copy of the January 2020 Loan Agreement, together with a certified English translation of its contents.

## HONG KONG ARBITRATION

13. Each of the loan agreements contained a binding arbitration clause that required any disputes arising out of or relating to such loans to be resolved by the Hong Kong International Arbitration Centre ("HKIAC").

14. Specifically, section 9.3 of each of the Loan Agreements set forth identical language (in Chinese, as translated into English) the following:

> Any dispute, controversy, disagreement or claim arising out of or relating to this Loan Agreement, including the validity, interpretation, performance, breach, or termination thereof, or any non-contractual dispute arising out of or relating to this Loan Agreement, shall be referred to arbitration administered by the Hong Kong International Arbitration Centre under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted. The award of the arbitration tribunal shall be final and binding on the parties to this Loan Agreement.

15. Following the breach by the Borrower, on or about December 6, 2021, in accordance with the arbitration clause in each of the Loan Agreements, Huaxintong and New Asia commenced arbitration proceedings in Hong Kong against the Borrower to recover the amounts owing under each of the Loan Agreements (the "Hong Kong Arbitration").

16. Respondents appeared at the Hong Kong Arbitration, with legal representation, and participated in the designation of co-arbitrators for a three-member arbitration tribunal (the "Tribunal").

17. On March 4, 2024, the Tribunal issued the Award, which was thereafter modified on April 17, 2024. A copy of the original award and modification are annexed as Exhibit E and Exhibit F.

18. Pursuant to the March 4, 2024 and April 17, 2024 modification, the following arbitration award was issued (the "Award"):

Award against Respondents in favor of New Asia $3,985,610.96, with an additional daily sum of $3,857.76 from October 30, 2020 until the full amount is paid, with Respondents jointly and severally liable for the total amount.

Award against Respondents in favor of Huaxintong $6,389,315.07, with an additional daily sum of $6,221.53 from October 18, 2020 until the full amount is paid, with Respondents jointly and severally liable for the total amount.

Award against Respondents in favor of Huaxintong $5,356,164.38, with an additional sum of $5,282.79 from October 5, 2019 until the full amount is paid, with Respondents jointly and severally liable for the total amount.

Award against Respondents in favor of Huaxintong $2,133,698.63, with an

4

additional daily sum of $2,104.47 from June 1, 2020, until the full amount is paid, with Respondents jointly and severally liable for the total amount.

19. The Award by HKIAC is final.

20. To date, Respondents have failed to comply with the Award and the entire amount owed to Petitioners remain outstanding.

21. The Award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

22. The Award has not been vacated, modified, or thereafter corrected as prescribed in sections 10 and 11 of the FAA and therefore should be confirmed. See 9 U.S.C. §§ 10, 11.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners request the following relief:

1. Confirmation of the Arbitration Award of the Hong Kong International Arbitration Centre ("HKIAC") in its entirety;

2. Directing judgment to be entered thereon;

3. And for such other and further relief as the Court may deem just and proper.

Dated: October 21, 2024                 Respectfully submitted,

**DGW KRAMER LLP**

/s/Jacob Chen
Jacob Chen
*Attorneys for Petitioners*